## 20801

Martha McKenzie YOUNG, Appellant, v. Thomas M. YOUNG, Sr., Respondent.

(248 S. E. (2d) 588)

October 31, 1978.

NESS, Justice:

This appeal is from a family court order temporarily suspending alimony payments if the appellant wife refused to deliver certain items of furniture to the respondent husband. We affirm.

Appellant and respondent were divorced on August 2, 1977. The divorce decree ordered the husband to pay $250.00 per month in alimony and that the parties equally divide all household furniture and certain other personal property ac-

quired during the marriage. To effectuate the division, the wife was ordered to prepare two lists of the property and respondent was to select one list as his share of the settlement.

When the wife refused to prepare the lists, respondent brought suit in October of 1977 to compel her compliance with the divorce decree. That action resulted in an order requiring the wife to comply with the property settlement.

Appellant failed to obey the second order. Respondent then instituted this action seeking to require the wife to conform to the court ordered division of property and to hold her in contempt for her willful failure to comply with the two prior orders.

The lower court held appellant in contempt of court. Although she finally submitted the lists to respondent, she refused to deliver the items he selected. The lower court made every effort to accommodate appellant by permitting her to substitute other items, or cash, for those items requested by respondent.

In order to put an end to litigation between the parties, the court ordered appellant to deliver the requested items within ten days or suffer the suspension of her alimony payments for ten months.[1] Appellant contends this sanction was improper. We disagree.

> The misconduct of a wife following a divorce may not generally be considered as a ground for suspending alimony payments. 27A C.J.S. Divorce § 239. However, that rule is untenable where the wife refuses to relinquish property to the husband pursuant to a court ordered property settlement. As stated in 24 Am. Jur. (2d), Divorce and Separation, § 687:

"If the wife is guilty of contempt of court with respect to an order to convey property to her husband, he may withhold alimony during the period of contempt . . ."

---

[1] The items selected by respondent as his share of the property settlement were found to have an approximate value of $2,500.00.

A similar view was taken by the Maryland court in an analogous situation. *Winkel v. Winkel,* 178 Md. 489, 15 A. (2d) 914 (1940).

In this case, the wife refused to comply with two prior court orders. The lower court properly ordered the temporary suspension of her alimony payments if she continued to defy judicial authority.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.